UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ocwen Loan Servicing, LLC, | Case No.: 2:17-cv-01757-JAD-VCF |
| Plaintiff | **Order Denying Motions to Dismiss and for Leave to Amend** |
| v. | |
| SFR Investments Pool 1, LLC, et al, | [ECF Nos. 18, 28] |
| Defendants | |

Ocwen Loan Servicing, LLC brings this action to challenge the effect of the 2013 non-judicial foreclosure sale of the home at 5858 Hollingshed Ct. in North Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property.[1] Ocwen sues the Sundance at the Shadows Homeowners' Association (the HOA), which conducted the foreclosure sale to enforce its statutorily created lien rights, along with SFR Investments Pool I, LLC, the purchaser at the foreclosure sale. Ocwen seeks damages, injunctive relief, and a declaration that its deed of trust was not extinguished by the sale even though Nevada law holds that a properly conducted HOA non-judicial foreclosure sale will extinguish a first deed of trust.[2]

SFR and the HOA move to dismiss Ocwen's claims as time barred, and Ocwen brings a late motion to amend its complaint to add new claims, purportedly based on developments in HOA-foreclosure law.[3] I conclude that Ocwen's claims are quiet-title claims governed by Nevada's four-year catchall limitations period, and because they were filed more than a month

---

[1] ECF No. 5.

[2] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[3] ECF No. 28.

before that deadline expired, they are timely. But because Ocwen has failed to show good cause for its untimely request to amend, I deny that relief.

**Factual Background[4]**

Ocwen claims that it is the beneficiary of a deed of trust securing a loan on the home at 5858 Hollingshed Ct. in North Las Vegas, Nevada. Ocwen contends that it became the beneficiary of this deed of trust via assignment on or about April 13, 2015, when it became the servicer of the loan for the lender and true beneficiary, Freddie Mac.[5] The home is located in the Sundance at the Shadows common-interest community and subject to the Sundance at the Shadows Homeowner's Association's codes, covenants, and restrictions (CC&Rs), which require the owners of property within this planned development to pay certain assessments.[6] When the assessments on this home became delinquent, the HOA, through its agent, commenced non-judicial foreclosure proceedings under Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on August 2, 2013, and the trustee's deed in favor of purchaser SFR recorded on August 7, 2013.[7]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[8] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 1163.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107

---

[4] These facts come from the complaint's factual allegations, which I accept as true for purposes of this motion to dismiss. And I find these motions suitable for disposition without oral argument. LR 78-1.
[5] ECF No. 5 at ¶ 34–35.
[6] *Id*. at ¶ 21.
[7] *Id*. at ¶ 46.
[8] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

2

and 116 "will extinguish a first deed of trust."[9] Ocwen alleges that the foreclosure process here was defective for numerous reasons, including that it was conducted without the consent of the Federal Housing Finance Agency, and thus violates the federal foreclosure bar under 12 U.S.C. § 4617(j)(3); NRS 116.3116 violates due process; and the HOA violated various statutory notice requirements in conducting the foreclosure sale.[10]

Ocwen filed this action on June 26, 2017, just over a month shy of four years after the foreclosure sale.[11] It identifies five causes of action: (1) declaratory relief based on the violation of the federal-foreclosure bar; (2) quiet title based on the violation of the federal-foreclosure bar; (3) declaratory relief based on a due-process violation; (4) quiet title based on the due-process and notice violations; and (5) injunctive relief prohibiting SFR from transferring or encumbering the property during the pendency of this case. Only the third cause of action is pled against the HOA.

SFR moves to dismiss Ocwen's claims as time barred,[12] and the HOA summarily joins in that request.[13] SFR argues that Ocwen's claims, though captioned as "quiet-title" claims, are really wrongful-foreclosure claims that are subject to the three-year statute of limitations contained in NRS 11.190(3)(a). Because Ocwen filed this action just shy of four years after the foreclosure sale, SFR contends that its claims are too late. Ocwen responds that SFR's argument ignores the various cases from the Nevada Supreme Court and the Ninth Circuit that recognize

---

[9] *SFR*, 334 P.3d at 419.
[10] *See generally* ECF No. 5.
[11] *Id.*
[12] ECF No. 18.
[13] ECF No. 19.

that the statute of limitations for quiet-title claims is five years, and its claims were filed well before that deadline ran.

Ocwen also brings a past-the-deadline motion for leave to amend its complaint to add new claims, purportedly based on developments in HOA-foreclosure law.[14] SFR opposes the request, arguing that Ocwen has failed to show good cause for the belated amendment.[15]

I find that Ocwen's claims are quiet-title claims, but because Ocwen seeks to enforce a lien interest, it has no claim to title or for recovery or possession of real property, the five-year statutes of limitations in NRS 11.070 and 11.080 do not apply. Neither does the three-year deadline in NRS 11.090(3)(a), because Ocwen's claims are not an action upon a liability created by statute. So I find that these claims fall under the four-year catchall limitations period in NRS 11.220. And because they were filed more than a month before that four-year deadline expired, I find that they are timely and deny the motion to dismiss. But I find that Ocwen has failed to show good cause for its week-late request to amend, so I deny that relief.

## Discussion

**A.     Ocwen's claims are timely.**

SFR's dismissal argument is simple. It contends that, though captioned as quiet-title claims, Ocwen's claims are actually wrongful-foreclosure claims, they are governed by a three-year statute of limitations, and because they were filed nearly four years after the foreclosure sale, they are time barred.[16] SFR reasons that "we are not dealing with a true quiet title claim"

---

[14] ECF No. 28.
[15] ECF No. 29.
[16] ECF No. 18.

4

because Ocwen held only a lien interest, not a claim to title.[17] And because Ocwen is solely alleging violations of NRS 116.3116 et seq. "and the Association's purported acts in conducting the foreclosure sale under these statutes," Ocwen is pleading only a wrongful-foreclosure claim, which is subject to the three-year statute of limitations governing actions "upon a liability created by statute, other than a penalty or forfeiture."[18]

Ocwen responds that its claims are quiet-title claims because it is "not primarily challenging the HOA's authority behind the HOA Sale; rather [it] is challenging the effect of the HOA Sale itself" and "seek[ing] equitable relief in the form of a judicial declaration that the Deed of Trust survived the HOA Sale and is superior to the interest, if any, acquired by SFR at the HOA Sale."[19] It contends that quiet-title claims are governed by NRS 11.080[,] which provides for a five-year state [sic] of limitations," and cites various Nevada and Ninth Circuit cases that recognize that quiet-title claims are subject to that five-year deadline.[20] And because this action was filed well before the five-year mark, Ocwen contends that it is timely.

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[21] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was

---

[17] *Id.* at 4. SFR also notes that "it can be argued that" Ocwen's due-process challenge arose in 2005 and thus expired in 2008. *Id.* at 5. But SFR cites no authority for this proposition and does not develop this argument beyond this sentence. So I decline to consider this insufficiently developed argument.

[18] *See id.* at 4–5 (quoting Nev. Rev. Stat. § 11.190(3)(a)).

[19] ECF No. 20 at 4.

[20] *Id.* at 4–6.

[21] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

5

tolled."[22] So, step one in determining whether Ocwen's claims are time barred is to evaluate the assertions of the complaint.

### 1. Ocwen pleads quiet-title claims.

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[23] Though Ocwen offers five separately labeled causes of action, it actually pleads just two cognizable claims—both quiet-title claims. Ocwen's first and second causes of action are duplicative; each seeks a declaration that the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preempted NRS 116.3116, preventing Nevada law from extinguishing this deed of trust.[24] Its third and fourth causes of action are similarly redundant. Both seek a declaration that the sale to SFR did not extinguish the deed of trust, so SFR took the property subject to Ocwen's lien.[25] Ocwen's fifth cause of action entitled "Permanent and Preliminary Injunction against SFR" is not an independent claim for relief; it's simply a prayer for additional pre-judgment remedies based on the other, substantive-law claims.[26]

My conclusion that Ocwen's substantive claims are for quiet title, not wrongful foreclosure, is based on the general purpose of these claims. Although Ocwen pleads a dozen different theories on which it claims that its deed of trust could or should not have been extinguished (e.g., the notices violated NRS Chapters 107 and 116; those violations deprived the trustee of due process; NRS 116.3116's notice scheme is unconstitutional on its face; the sale

---

[22] *Id.*

[23] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[24] *See* ECF No. 5 at 14–15.

[25] *See id.* at 16–18.

[26] *See id.* at 18–19.

was commercially unreasonable, in bad faith, fraudulent, unfair, or oppressive; the HOA violated NRS 116.1113; and SFR is not a bona fide purchaser), in the body of each cause of action Ocwen pleads that it "is entitled" to various declarations about the continued viability of its deed of trust.[27] This requested equitable relief leads me to conclude that each of Ocwen's claims is the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[28] The resolution of these claims is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support such action."[29] They are thus not wrongful-foreclosure tort claims for damages that would be barred by the three-year statute of limitations for actions upon a liability created by statute.

My conclusion about the nature of Ocwen's claims comes with a significant caveat, however. Though Ocwen does not seek damages within the body of any claim, Ocwen does, in fact, pray for damages. In paragraph 94, immediately before the causes of action start, Ocwen states, "In the event Plaintiff's interest in the Property is not reaffirmed nor restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendants' acts and omissions."[30] In its prayer for relief, Ocwen reiterates this

---

[27] *See, e.g.,* ECF No. 5 at ¶¶ 106–107, 115–116, 124–125, 133–134.
[28] *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).
[29] *Id.* at 1112.
[30] ECF No. 5 at 14, ¶ 94.

demand and requests a judgment with "general and special damages."[31]  These demand requests could convert Ocwen's claims into ones at law, not grounded in equity, which would be governed by different statutes of limitation.  But because Ocwen does not tie these damages paragraphs to any claim, it is impossible for me to determine at this point whether (1) Ocwen actually intended to plead legal claims for damages,[32] or (2) these damages references are just a vestigial remnant from a form complaint, and their inclusion here was just an editing error.[33]  So, to the extent that Ocwen intended to allege damages claims, I find that it failed to do so, and I dismiss without prejudice all claims other than Ocwen's two equitable claims to quiet title.

### 2. *Ocwen's claims are governed by a four-year statute of limitations.*

With the nature of Ocwen's claims sorted out, I next consider which statute of limitations governs.  Ocwen argues that its quiet-title claims are governed by NRS 11.080, which provides for a five-year statute of limitations triggered by "the date of the HOA Sale."[34]  It is true that some quiet-title claims are governed by NRS 11.080, but not all of them are.  NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[35]  But this is not an action for the recovery

---

[31] *Id*. at 20, ¶¶ 10–11.

[32] Ocwen's reliance on *Shadow Wood* in its opposition to this motion to dismiss and its insistence that it is merely "challenging the effect of the HOA Sale itself" and that it "seeks equitable relief in the form of a judicial declaration" suggest that the damages paragraphs were inadvertently included.  *See* ECF No. 20.

[33] Ocwen's counsel represents in its reply in support of its motion for leave to amend that errors happen in these HOA-foreclosure cases because of "the thousands of matters now pending in Nevada federal and state courts arising" from the Nevada Supreme Court's 2014 decision in *SFR Investments Pool 1 v. U.S. Bank*.  ECF No. 31 at 2.

[34] ECF No. 20 at 4–5.

[35] Nev. Rev. Stat. § 11.080.

of property or its possession; if Ocwen wins, it gets only a lien against the property. So NRS 11.080 has no application to Ocwen's claims.

Although Ocwen doesn't mention it, NRS Chapter 11 contains a second quiet-title bar in NRS 11.070, which provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[36] Ocwen's claims would not fall under this statute either, however, because they are not founded upon title, rents, or services, but upon lien rights created by a deed of trust.

Ocwen cites to a handful of cases to argue that the Nevada Supreme Court and other trial courts in this district have found that quiet-title claims in Nevada carry a five-year limitations period.[37] With limited exceptions that don't apply here, trial-court opinions are not binding on other trial judges within this district,[38] and I am not persuaded by Ocwen's string-cite reference to other trial-court orders. The Nevada Supreme Court's holding in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*[39] is unhelpful to Ocwen's position. In it, the Court noted that Saticoy Bay's quiet-title claims would be governed by NRS 11.080's five-year limitations period. But Saticoy Bay was the foreclosure-sale purchaser seeking possession of the property; it was not a mere lienholder like Ocwen.[40] The Ninth Circuit's dicta statement in

---

[36] Nev. Rev. Stat. § 11.070; *see also Bank of Amer. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).

[37] *See* ECF No. 20 at 4–5.

[38] L.R. IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge . . . and does not constitute the rule of law in this district.").

[39] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

[40] Ocwen's reliance on the Ninth Circuit's unpublished disposition in *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015), *see* ECF No. 20 at 4, is inapposite for the same reason. The Scotts were property owners who claimed "superior title to the subject property." *Scott*, 2015 WL 657874, *1.

*Weeping Hollow Avenue Trust v. Spencer* that "[u]nder Nevada law," the foreclosed-upon homeowner "could have brought claims challenging the HOA foreclosure sale within five years of the sale," and the panel's citation to NRS 11.070 (which governs title-founded claims) are similarly irrelevant to Ocwen's challenge as a lienholder, not a titleholder.[41] So I am unpersuaded that any of Nevada's quiet-title statutes of limitation apply to Ocwen's claims.

With no squarely applicable limitation statute, I am left with the catch-all four-year deadline in NRS 11.220.[42] Because the foreclosure sale took place on August 2, 2013, and this action was filed less than four years later on June 26, 2017, Ocwen's quiet-title claims are timely. So I decline to dismiss Ocwen's equitable quiet-title claims as time barred and deny SFR's motion to dismiss.

**B.     Ocwen has not justified its need to belatedly amend its complaint.**

Ocwen asks for leave to amend its complaint to add claims for unjust enrichment, wrongful foreclosure, negligence, negligence per se, breach of contract, misrepresentation, and breach of the covenant of good faith and fair dealing.[43] The motion was filed after the deadline for moving to amend expired, and Ocwen blames an "internal scheduling error" at its counsel's law firm for this delay, which Ocwen attributes to "the thousands of [HOA foreclosure] matters

---

[41] Ocwen represents that the Nevada Supreme Court stated in *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, that "Under Nevada law, the borrower could have brought claims challenging the HOA foreclosure sale within five years of the sale," ECF No. 20 at 4, but that quote comes from *Weeping Hollow*, see 831 F.3d at 1114, not *Shadow Wood*.

[42] NRS 11.220 states, "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

[43] ECF No. 28 at 5.

now pending in Nevada federal and state courts . . . ."[44] SFR opposes the motion, arguing that Ocwen has not shown good cause to amend its complaint after the deadline to amend expired.[45]

Although Rule 15 counsels trial courts to permit liberal amendment, when a motion for leave to amend is filed after the scheduling order's deadline for amendment has expired, "the moving party must satisfy the 'good cause standard'" instead.[46] "Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[47] "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'"[48]

Ocwen has not shown good cause to amend its complaint now. Ocwen claims that this need to amend is "necessitated by the Nevada Supreme Court decision in *SFR Investments Pool 1, LLC v. U.S. Bank*."[49] But *SFR* was decided three full years before Ocwen filed its first amended complaint in this case, so any *SFR*-created surprises could and should have been addressed during the first amendment.[50] Ocwen also contends that "subsequent decisions" in

---

[44] *Id.* at 6; ECF No. 31 at 2.

[45] ECF No. 29.

[46] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

[47] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[48] *In re W. States*, 715 F.3d at 737 (quoting *Johnson*, 975 F.2d at 609).

[49] ECF No. 28 at 2.

[50] *Compare SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408 (Nev., Sept. 18, 2014), *with* ECF No. 4 (the amended complaint, filed on September 21, 2017).

HOA jurisprudence also require new claims, but it has failed to demonstrate why or how. Nor has Ocwen indicated why its newly conceived claims would not friviolous because they are time barred by the applicable statutes of limitations, including the three-year bar for wrongful foreclosure claims and the two-year bar for negligence claims.[51] Because Ocwen has not demonstrated that it was diligent in asserting its claims that it now seeks to add, and because it appears that most if not all of its proposed new claims would be time barred,[52] I deny Ocwen's motion for leave to amend.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that SFR Investments Pool 1, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) **[ECF No. 18] is DENIED**;

IT IS FURTHER ORDERED that Ocwen Loan Servicing, LLC's Motion for Leave to Amend Complaint **[ECF No. 28] is DENIED**.

Dated this 18th day of May, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[51] *See* NRS 11.190(3)(a) (wrongful-foreclosure claims); NRS 11.190(4)(e) (negligence claims).
[52] I find these bases to be separate and independent reasons to deny amendment.