**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>    Defendants.<br><br>And all related actions. | 2:17-cv-01757-JAD-VCF<br><br>**ORDER**<br><br>MOTION TO QUASH AND FOR PROTECTIVE ORDER [ECF NO. 45] |

Before the Court is non-party Federal Home Loan Mortgage Corporation's ("Freddie Mac") Emergency Motion to Quash and for Protective Order. (ECF No. 45). For the reasons discussed below, Freddie Mac's motion is granted without prejudice.

**BACKGROUND**

This case involves the property interests at issue in an HOA foreclosure sale. In its amended complaint, Plaintiff Ocwen Loan Servicing ("Ocwen") "seeks a declaratory judgment that a deed of trust continues to encumber the real property at 5858 Hollingshed St., N. Las Vegas, NV 89081, despite a homeowner's association foreclosure sale related to that property." (ECF No. 5 at 1). Ocwen argues, among other things, that 12 U.S.C. § 4617(j)(3) "prevents a homeowner's association foreclosure sale from extinguishing a lien owned by Federal Home Loan Mortgage Corporation ('Freddie Mac') while Freddie Mac is under the conservatorship of the Federal Housing Finance Agency ('FHFA' or 'Conservator')." (ECF No. 5 at 1-2; *see also* 14-16).

According to the amended complaint, on September 21, 2005, Faith Noborikawa obtained a loan from Funding Solutions to purchase the relevant property and executed a deed of trust. (*Id.* at 4-5).

Freddie Mac acquired the deed of trust on June 29, 2007. (*Id*. at 5). On September 6, 2008, the FHFA placed Freddie Mac into conservatorship. (*Id*. at 6). The HOA recorded a Notice of Default and Election to Sell against the property on December 14, 2012. (*Id*. at 8). On August 2, 2013, the HOA conducted a non-judicial foreclosure sale on the property, where SFR Investments Pool 1 ("SFR") bought the property. (*Id*. at 8-9). On April 13, 2015, Ocwen became, and continues to be, the servicer of the loan for Freddie Mac. (*Id*. at 6).

On July 27, 2018, SFR served an amended subpoena for deposition on non-party Freddie Mac. (ECF No. 45-1 at 3). The amended subpoena consists of 21 topics related to Freddie Mac's acquisition of its property interest at issue in this case and other entities' interest in the Hollingshed property. (ECF No. 45-2). On August 16, 2018, SFR and Freddie Mac met and conferred regarding the subpoena and were unable to fully resolve their issues. (ECF No. 45-1 at 2-3). On August 29, 2018, Freddie Mac filed a motion to quash and for protective order. (ECF No. 45). Freddie Mac argues that the subpoena seeks irrelevant information and holding a deposition would be disproportionate to the needs of the case, though "Freddie Mac is not opposed to testifying regarding its business records that have been disclosed in this matter." (*Id.* at 2-3, 5). On September 19, 2018, SFR filed a response. (ECF No. 49). On October 3, 2018, Freddie Mac filed a reply. (ECF No. 52).

On October 30, 2018, the Court held a hearing on the motion. (ECF No. 54). SFR stated that it is seeking to examine the full life of the deed of trust at issue in this case, from its inception to the present. SFR argued that this information is relevant to Ocwen's reliance on 12 U.S.C. § 4617(j)(3). If Freddie Mac has no property interest, Ocwen has no standing to rely on 12 U.S.C. § 4617(j)(3). Freddie Mac argued that Ocwen has already produced documents sufficient to prove Freddie Mac's property interest. SFR disagreed and discussed concerns that if SFR was not allowed to depose Freddie Mac at this juncture, Ocwen would wait to disclose a witness from Freddie Mac and provide new documents if a party filed a dispositive motion, or for use at trial.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party or any person from whom discovery is sought may move for a protective order… The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Court notes that Ocwen is the Plaintiff in this case. It will bear the burden of establishing that 12 U.S.C. § 4617(j)(3) applies to this matter. If SFR believes that the documents Ocwen has disclosed are insufficient to prove that Freddie Mac has a property interest in this case, SFR may file a dispositive motion or make its argument at trial. Having SFR help develop Ocwen's claim by deposing Freddie Mac regarding the full life of the deed of trust is not proportional to the needs of the case, and it will place an undue burden on Freddie Mac. For this reasons, the Court is granting Freddie Mac's motion to quash at this juncture.

However, the Courts finds that deposing Freddie Mac regarding the documents disclosed by Ocwen and Freddie Mac is both relevant and proportional to the needs of the case. SFR should be given the opportunity to ask Freddie Mac about the records that Ocwen and Freddie Mac assert establish Freddie Mac's property interest. Details such as dates and the parties involved are relevant to both Ocwen's claim and SFR's defense.

The Court recognizes SFR's concern that Ocwen and Freddie Mac may be (perhaps inadvertently) withholding necessary information regarding Freddie Mac's property interest, and that this information may be used against SFR at a later date. To address this concern, the Court now orders that any evidence not disclosed by Ocwen or Freddie Mac regarding Freddie Mac's property interest may not be used to bring or oppose a dispositive motion and recommends that such evidence not be used at trial. The Court will give Freddie Mac one week to ensure that all information it or Ocwen intends to rely on to establish

Freddie Mac's property interest has been disclosed to SFR.  After this date, SFR and Freddie Mac will meet and further discuss the need to depose Freddie Mac regarding the documents that have been produced.  Should the parties have subsequent disagreements regarding the deposition, the Court will entertain further motions on this matter.

The Court also notes that it previously vacated the discovery cut-off, dispositive motion, and pre-trial order deadlines in this case.  (ECF No. 46).  The Court will set new deadlines in this order.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Freddie Mac's Emergency Motion to Quash and for Protective Order (ECF No. 45) is GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Freddie Mac has until to November 7, 2018 to ensure that all information it or Ocwen intends to rely on to establish Freddie Mac's property interest has been disclosed to SFR.  Any evidence not disclosed by Ocwen or Freddie Mac regarding Freddie Mac's property interest may not be used to bring or oppose a dispositive motion.

IT IS FURTHER RECOMMENDED that any evidence not disclosed by Ocwen or Freddie Mac regarding Freddie Mac's property interest should not be allowed to be used at trial.

IT IS FURTHER ORDERED that the Court now extends the discovery deadlines as follows:

| | |
|---|---|
| Discovery Cut-off | December 28, 2018 |
| Dispositive Motions | January 28, 2019 |
| Joint Pretrial Report | February 28, 2019. |

DATED this 31st day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE